UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
(Fort Myers Division)

CASE NO

SOUTHERN GARDENS
CITRUS PROCESSING
CORPORATION

    Plaintiff,

v.

SOUTHERN OWNERS
INSURANCE COMPANY,

    Defendant.
_____/

# **COMPLAINT**

Plaintiff, SOUTHERN GARDENS CITRUS PROCESSING CORPORATION, ("SGC"), though its undersigned counsel, sues SOUTHERN OWNERS INSURANCE COMPANY ("SOUTHERN OWNERS"), for declaratory relief and damages and state:

1. This is an action for breach of contract and for damages which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney's fees.

## **Parties**

2. At all times material to this action, Plaintiff SGC, was and is a Florida corporation.

3. At all times material to this action, Defendant SOUTHERN OWNERS INSURANCE COMPANY, was and is a Michigan corporation with its principal place of business in Lansing, Michigan.

**Jurisdiction and Venue**

4. The Court has personal jurisdiction over SOUTHERN OWNERS because it contracted to provide insurance coverage in Florida for a Florida risk, SOUTHERN OWNERS engages in systemic and continuous business activity in the State of Florida and/or the acts or omissions described in this Complaint caused injury in Florida.

5. The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. 1332(a) because (a) there is complete diversity of citizenship between the parties and (b) the amount in controversy exceeds $75,000.00.

6. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to SGC's claims occurred in this district.

7. All conditions precedent to the filing of this lawsuit have occurred, been performed, or waived and/or have been excused.

**General Allegations**

8. At all times material to this action, SGC was a wholly owned subsidiary of United States Sugar Corporation.

9. SGC was named as a defendant in a lawsuit styled *Charley Gunter v. Southern Gardens Citrus Processing Corporation*, which was filed on September 26, 2019, in the Circuit Court for the 20th Judicial Circuit in and for Hendry County, Florida ("*Gunter Action*"). See Exhibit "A".

10. The *Gunter Action* alleged that on or about October 10, 2017, Charley Gunter was a business invitee at a citrus processing plant owned and operated by SGC located at 1820 Co. Rd. 833, Clewiston, FL 33440 in Hendry County, Florida (the "Property"). The *Gunter Action* further alleged that at that time and place, Gunter was injured because of an explosion in the electrical

vault of the Property which was allegedly caused by the negligence of SGC's agents and employees.

11. At the time of the incident, Gunter was working on behalf of RYCHBIRD GUNTER INDUSTRIAL LLC ("RGI"), which had a contract with SGC to replace certain electrical lines on the Property.

12. At all times material to this action and the underlying *Gunter Action*, SOUTHERN OWNERS had issued a commercial general liability policy of insurance to RYCHBIRD GUNTER INDUSTRIAL LLC, as named insured, number 162382-72181076-17, which was in effect at the time of Gunter's loss ("Policy"). The effective dates of the policy were May 19, 2017 through May 19, 2018. SGC is presently not in possession of a Certified Copy of the Policy, but will file it with the Court upon receipt.

13. Pursuant to the oral and/or written contract between RGI and SGC, RGI was required to name SGC as an Additional Insured on its commercial general liability policy, in order to be considered as an industrial and electrical contractor qualified to perform the subject electrical work on SGC's property.

14. On or about September 22, 2017, a Certificate of Insurance was issued to SGC, stating that United States Sugar Corporation and its Subsidiaries were included as additional insureds on SOUTHERN OWNERS' Policy. See Exhibit "B", Certificate of Insurance.

15. On September 28, 2017, SOUTHERN OWNERS added a Blanket Additional Insured Endorsement, number 55373, to its Policy which states, in pertinent part:

    A. Under **SECTION II – WHO IS AN INSURED**, the following is added:

A person or organization is an Additional Insured, only with respect to liability arising out of "your work"[1] for that Additional Insured by or for you:

1. If required in a written contract or agreement; or
2. If required by an oral contract or agreement only if a Certificate of Insurance was issued prior to the loss indicating that the person or organization was an Additional Insured.

See Exhibit "C", Additional Insured Endorsement.

16. On or about October 2, 2017, RGI represented to SGC that it did, in fact, list RGI as an Additional Insured on its commercial general liability policy. See Exhibit D, Contractor Qualification Form."

17. At all relevant times, SGC qualified as an Additional Insured under the terms of the Blanket Additional Insured Endorsement because a written contract or agreement required RGI to list SGC as an Additional Insured.

18. Alternatively, SGC meets the definition of an Additional Insured on the ground that (1) an oral contract or agreement required RGI to list SGC as an Additional Insured and (2) a Certificate of Insurance was issued prior to Gunter's loss.

19. Additionally, the *Gunter* Action arose out of RGI's work for SGC, which further shows that the terms of the Blanket Additional Insured Endorsement were met.

20. On April 28, 2020, SGC tendered the defense and indemnity of the Gunter Action to Southern Owners.

21. On June 8, 2020, Southern Owners rejected the defense and indemnity of the *Gunter* Action on the ground that SGC was not an insured under its Policy.

---

[1] In Section V-Definitions of the Southern Owners Policy, "Your work" is defined as "work or operations performed by you (RGI) or on your behalf.

22. Due to SOUTHERN OWNERS' unreasonable refusal to defend, SCG retained a defense attorney at its own expense to defend SCG in connection with the *Gunter Action* and has incurred litigation expenses in excess of Seventy-Four Thousand Dollars ($74,00.00).

23. Ultimately, SGC agreed to pay and did pay Gunter Three-Hundred Thousand Dollars ($300,000.00), in order to resolve the underlying *Gunter Action*.

24. SGC has retained the undersigned counsel for the prosecution of this action and is entitled to a reasonable attorney's fee pursuant to §§627.428 and/or 626.9373, Florida Statutes, and all applicable law.

## COUNT I –BREACH OF CONTRACT

25. SGC incorporates the allegations contained in paragraphs 1-24 herein as if fully stated in their entirety.

26. At the time of the subject loss SOUTHERN OWNERS had in effect a policy of insurance listing SGC as an Additional Insured.

27. The subject Policy obligated SOUTHERN OWNERS to defend SGC and to pay any sums SGC becomes obligated to pay as damages because of bodily injury and property damage.

28. The *Gunter Action* asserts a claim for bodily injury.

29. The subject Policy obligates SOUTHERN OWNERS to defend and indemnify SGC in connection with the *Gunter Action*.

30. SOUTHERN OWNERS has breached its obligations to SGC.

31. As a direct and proximate result of SOUTHERN OWNERS' breach of the subject Policy, SGC has sustained damages in excess of $374,000.00 incurred in connection with defending itself in the *Gunter Action* and paying a settlement to resolve the *Gunter Action*.

32. SGC has retained undersigned counsel to represent it in this action and is entitled to a reasonable attorney's fee pursuant to §§627.428 and/or 626.9373, Florida Statutes, and all applicable law.

WHEREFORE, SGC requests damages, pre-judgment and post-judgment interest, attorney's fees and costs, and any other relief the Court deems just, proper, and equitable.

**JURY TRIAL DEMAND**

Plaintiffs demand a trial by jury on all issues so triable as a matter of right.

Respectfully submitted on this 12th day of January, 2022

YELENA SHNEYDERMAN, P.A.
*Counsel for Plaintiff*
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Telephone: (305) 760-9510
Facsimile: (866) 491-9715
Primary: yelena@yspalaw.com

By: */s/ Yelena Shneyderman*
Yelena Shneyderman
Florida Bar No.: 15718